ADMINISTRATION OF THE ESTATE OF VIDAL. ANGELINA VIDAL ET AL., APPELLANTS.

APPEAL from the District Court of San Juan, Section 1.

No. 919.—Decided June 2, 1913.

CONJUGAL PARTNERSHIP—INHERITANCE—GANANCIAL PROPERTY—PRESUMPTION—WILL.—Appellants have no right that a property acquired by their mother, Angelina Bertres, in 1868, during her marriage with their father, should be considered as her separate property because no satisfactory evidence has been introduced to destroy the presumption that the said property belonged to the conjugal partnership or to refute the statement made by the testator in his will that his said wife had contributed no property to said partnership.

ID.—INHERITANCE—RENTS AND PROFITS.—The claim of the appellants to the rents and profits accruing from their one-fourth share in the house adjudicated to them is without foundation, for the evidence shows that there were debts in excess of said rents; furthermore, there was no showing as to when they became of age and during their minority the father was entitled to the said rents and profits.

ID.—INHERITANCE—INTEREST.—In the absence of evidence to show that any judicial or extrajudicial claim was made against their father, the heirs are not entitled to interest.

The facts are stated in the opinion.
*Mr. José de Guzmán Benítez* for appellants.
*Mr. Jacinto Texidor* for Cruz Rodríguez.

MR. JUSTICE WOLF delivered the opinion of the court.

José E. Vidal Amadeo, who died testate, was married three times and the appeal in this case is by the heirs of the first marriage who object to the findings and award of the court with respect to the distribution of the estate among the heirs of the several marriages. The first question raised by the appellants is with regard to the alleged separate estate of their mother, the first wife of the testator. José E. Vidal Amadeo and his wife, Angelina Bertres, executed a mutual power to make wills and therein the wife authorized her husband to declare the property which she had contributed to the matrimonial society, and accordingly on February 12, 1884, the said surviving husband made a will whereby he said that his wife had given him the power to specify the property brought by her to the matrimonial society. There was proof that in 1868 the said Angelina Bertres, being then married to the said testator, acquired a piece of property in her own name. A number of witnesses also testified that the property in question belonged to the wife, but the special master to whom the case was first referred, the subsequent arbitrator and the judge all found that the testimony of all those witnesses was hearsay and of no probative value and we see no reason to disturb that finding. With respect to the words contained in the power and testament the same judicial officers found that the words used in the power and the will were merely formal, such as were invariably used in documents of that character.

In view of the fact that in his final testament the testator said his first wife had brought no separate property to the marriage, and there was no satisfactory proof to the contrary, we think that the presumption has not been destroyed that the property acquired for a valuable consideration during the marriage and placed in the name of the wife was ganancial property. Hence the heirs of the first wife have no separate claim to the same.

The second point raised by the appeal is that one-fourth

of the rents and profits of a certain house belong to the heirs of the first wife. The said heirs have been assigned a sum equal to a one-fourth share in said property as heirs of Mrs. Bertres, but they also maintain that they should have been allowed the rents and profits. In regard to this point the report shows that there existed debts of the first marriage sufficient to consume the rents and, furthermore, there was no showing when the children of said first marriage came of age and during their minority the father was entitled to such rents and profits in accordance with section 225 of the Civil Code, 160 of the Spanish Civil Code and Law V, Title XVII, *Partida* 4 of the Seven *Partidas*.

There is also some mention of interest in the record, but in this regard there is no proof of any judicial or extrajudicial claim made by appellants against their father. According to section 1067 of the Civil Code persons are only in default from the moment of demand, and according to section 1075 interest is only due when the debtor is in default.

The judgment appealed from must be affirmed with respect to the appellants in this case.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.